MEMORANDUM ***
Maria Rodriguez de Zamora petitions for review of the BIA’s decision affirming the IJ’s removal order and denial of her application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny her petition. Given the parties’ familiarity with the facts we do not recount them here.
“Pure questions of law raised in a petition to review a decision of the BIA are reviewed de novo.” De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004). However, findings of fact are conclusive unless “any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B).
The IJ and BIA did not credit petitioner’s testimony regarding the alleged coercion by a border patrol agent in 1997. The IJ and BIA stated that, due to petitioner’s “unclear testimony” and her failure to raise the issue of coercion in 2003 (when she instead said only that her aunt had told her to provide a false name), they were unable to conclude that her statement was coerced. That conclusion constitutes an express finding that petitioner’s *116 testimony regarding the alleged coercion was not credible.
Given that finding, the decisions below correctly concluded that petitioner falsely represented herself to be a United States citizen and that she had done so for the purpose of obtaining a benefit under the INA. 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1229a(c)(3)(A). As such, her petition is denied.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.